UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMEC CIVIL, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DMJM HARRIS, INC., : <br> : <br> Defendant. : <br> ──────────────────────────── : <br> : <br> DMJM HARRIS, INC., : <br> : <br> Third-Party Plaintiff, : <br> : <br> v. : <br> : <br> HARDESTY & HANOVER, LLP, : <br> : <br> Third-Party Defendant. : <br> ──────────────────────────── : | Civil Action No. 06-064 (FLW) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> M E M O R A N D U M <br> O P I N I O N |

**HUGHES, U.S.M.J.**

This matter has come before the Court by Motion from Plaintiff AMEC Civil, LLC ("Plaintiff") to Compel Production of a joint defense agreement ("the Agreement") [dkt. entry nos. 56 and 57], returnable July 7, 2008. The agreement is between Defendant DMJM Harris, Inc. ("DMJM"), Third-Party Defendant Hardesty & Hanover ("H&H"), and non-party New Jersey Department of Transportation ("NJDOT"). DMJM and H&H filed opposition to the motion on May 19, 2008. Plaintiff filed its reply brief on May 23, 2008. The Court reviewed the Agreement *in-camera* and has scheduled oral argument on July 9, 2008. For the reasons set forth below, Plaintiff's Motion to Compel production of the joint defense agreement is granted in part

and denied in part, as follows: DMJM and H&H must produce Paragraph 4(G) on pages 16-17 of the Agreement, and any other portions which constitute tolling provisions. The rest of the Agreement need not be produced.

I.       **BACKGROUND AND PROCEDURAL HISTORY**

This litigation arises from the construction of the Shark River Bridge in Monmouth County, New Jersey. (H&H's Opp'n Br. at 2.) Plaintiff was the general contractor for construction of the bridge. *Id.* NJDOT hired DMJM to design the bridge and work as a consultant. *Id.* DMJM hired H&H to act as a sub-consultant on the project. *Id.* at 3.

In July of 2003, AMEC filed claims against NJDOT in state court alleging damages for delays, design defects, differing site conditions, and constructability defects. *Id.* On January 6, 2006, Plaintiff filed this claim against DMJM in federal court, alleging damages for improper design and failure to acquire necessary permits. *Id.* at 4. DMJM denied Plaintiff's allegations and filed a Third-Party Complaint against H&H for contribution and indemnification. *Id.* at 5. H&H denied Plaintiff's and DMJM's allegations. *Id.* On January 25, 2007, Plaintiff served DMJM and H&H with a request for production of tolling agreements, settlement agreements, or joint defense agreements that the parties entered into with each other and non-party NJDOT. (Pl.'s DMJM Br. at 1-2; Pl.'s H&H Br. at 1-2.) Both parties objected to the request. (Pl.'s DMJM Br. at 3-4; Pl.'s H&H Br. at 2-3.) NJDOT filed amicus papers also objecting to AMEC's request for the Agreement. (NJDOT Amicus Ltr. Br. at 1.)

The legal basis for Plaintiff's argument is that pursuant to Federal Rule of Civil Procedure 26(b)(1), Plaintiff is entitled to all relevant, non-privileged information that may lead to the discovery of other relevant evidence. (Pl.'s DMJM Br. at 4.) Plaintiff further argues that

the Agreement is not protected by the common interest doctrine unless the contents of the document are "protected by a recognized privilege," such as work product privilege. *Id.* at 7. Plaintiff also challenges the claim that the agreement only contains joint defense provisions, and believes that the document includes settlement, tolling, or indemnification clauses as well, which would not be protected under the common interest doctrine. *Id.*

DMJM argues that (1) the documents Plaintiff wants produced are not relevant to the claims or defenses in the litigation, and (2) the requested documents are protected under the attorney work-product doctrine and attorney client privilege. (DMJM's Opp'n Br. at 4, 10.) DMJM further argues that the attorney client privilege and attorney work-product protections were not waived by the parties to the Agreement because the disclosure is protected by the common interest doctrine. *Id.* at 16. H&H similarly argues that the Agreement is protected by attorney work-product privilege, and should not be discoverable unless Plaintiff can show exceptional circumstances. (H&H's Opp'n Br. at 9.) Furthermore, H&H alleges that pursuant to the common interest doctrine, the parties did not waive the privilege. *Id.* at 5. On June 12, 2008, the Court reviewed the Agreement *in-camera*.

**II.   DISCUSSION**

Plaintiff seeks production of the joint defense agreement, any settlement agreements, and any tolling agreements. (Pl.'s DMJM Br. at 3-4.) DMJM and H&H oppose the request for production of the documents. (DMJM's Opp'n Br. at 2-3; H&H's Opp'n Br. at 2.) Pursuant to Rule 26(b)(1), Plaintiff's motion to compel is granted in part and denied in part.

   A.   <u>Federal Rule of Civil Procedure 26(b)(1)</u>

As a general rule, the Court "may order discovery of any matter relevant to the subject matter" of an action. Fed. R. Civ. P. 26(b)(1). Although relevant information need not be admissible at trial, courts refuse to order discovery if the information being sought is (1) irrelevant to the claim, or (2) protected by a recognized privilege. *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Pursuant to Federal Rule of Evidence 501, privileges are governed by state law principles since this is a state diversity action.

   B.   <u>Relevance of Requested Documents</u>

Plaintiff states that the Agreement is relevant because it proves the applicability of the common interest doctrine. (Pl.'s DMJM Br.. at 7 n.3.) When the existence of a common interest can be verified by other means, a joint defense agreement is irrelevant to prove the applicability of the common interest doctrine. *See Fort v. Leonard*, 2006 WL 2708321, at *3 (D.S.C. Sept. 20, 2006) In this case, the Agreement is irrelevant to prove the applicability of the doctrine since DMJM and H&H concede that they have a common interest in their oppositions to the motion to compel. (DMJM's Opp'n Br. at 4 ("Based upon the JDA, NJDOT, DMJM, and H&H continue to cooperate in defense of both the Related State Court Action and the Federal Court Action."); H&H's Opp'n Br. at 8 ("[I]t is difficult to imagine two cases with closer commonalities.").)

4

Plaintiff also argues that if the Agreement contains tolling or settlement provisions, these portions of the document are relevant to show bias for impeachment purposes. (Pl.'s DMJM Reply Br. at 3.) Impeachment evidence is a "classic example of the type of evidence that should be discoverable in litigation." *Jeld-Wen, Inc. v. Nebula Glasslam Int'l, Inc.*, 2008 WL 756455, at *9 (S. D. Fla. 2008). Since settlement or tolling agreements can be used as impeachment evidence, such documents are relevant to the claim.

    C.    <u>Privileged Nature of Requested Documents</u>

When a document is relevant to the subject matter of an action, the Court may order a party to produce it unless the document is protected by a recognized privilege. Fed. R. Civ. P. 26(b)(1). Generally, when a party discloses privileged information to a third party, the privilege is extinguished, and the document is discoverable. *See in re Teleglobe Commc'n Corp.*, 493 F.3d 345, 364 (3d Cir. 2007). However, when two parties share a community of interest, Courts protect the disclosure under the common interest privilege. *Id.* The privilege protects communications between the parties that fall within the community of interest. *See Tribune Co. v. Purcigliotti*, 1997 WL 540810, at *3 (S.D.N.Y. 1997).

Communications are common and fall within a community of interest when the parties share, at a minimum, "a substantially similar legal interest," and the communications relate to that interest. *In re Teleglobe*, 493 F.3d at 365. If an interest is adverse between the parties rather than common, the common interest privilege does not apply. *See McNally Tunneling Corp. v. City of Evanston*, 2001 WL 1246630, at *3 (N.D. Ill. 2001). In *McNally*, the Illinois District Court distinguished between adverse and common interests, indicating that a settlement agreement was "adverse" because the parties to the agreement asserted positions that were "in

5

conflict with [each] other," rather than coordinating their substantially similar legal interests. *Id.* Although not an independent source of confidentiality, the common interest privilege extends the confidentiality afforded by other privileges such as attorney-client or work product privilege. *See id.* at *2.

### 1.     *The Common Interest Privilege*

The common interest privilege applies when clients with separate attorneys share otherwise privileged information to coordinate their legal interests. *In re Teleglobe*, 493 F.3d at 359. A party asserting the privilege must show that (1) the parties shared information due to actual or anticipated litigation, (2) the disclosures furthered a common interest, and (3) the disclosures are consistent with "maintaining confidentiality against adverse parties." *Laporta v. Gloucester County Bd. of Chosen Freeholders*, 774 A.2d 545, 549 (N.J. Super. Ct. App. Div. 2001) (citing *Holland v. Island Creek Corp.*, 885 F. Supp. 4, 6 (D.D.C. 1995)). When an interest is adverse between the parties asserting the privilege, the disclosure is not protected even if contained in a joint defense agreement. *Tribune Co.*, 1997 WL 540810, at *3.

After an *in-camera* review of the Agreement, the Court finds that the tolling agreement portions of the document are not protected by the common interest privilege. Regardless of whether parties have a joint defense strategy, their discussion of possible future litigation between themselves is not a common interest in anticipation of future litigation brought by a third party. *See Tribune Co.*, 1997 WL 540810, at *3 ("If anything, the [tolling] agreement relates to potential interests . . . that are adverse, not common. [S]ince no legitimate basis for any privilege has been articulated or demonstrated, the [tolling] agreement must be produced."). The tolling agreement portions of the Agreement refer to adverse, not common interests between

DMJM, H&H, and NJDOT, so the common interest privilege is inapplicable, and the tolling portions of the document are discoverable. The remainder of the document refers only to joint defense strategy, which is protected by the common interest privilege. *See Laporta*, 774 A.2d at 261-62.

### 2. *Attorney Work Product Privilege*

Attorney work product privilege is discussed in Federal Rule of Civil Procedure 26(b)(3)(A), which states that "documents and other tangible things prepared in anticipation of litigation" are not discoverable unless the party requesting discovery can show substantial need for the materials and "cannot, without undue hardship, obtain the substantial equivalent by other means." Generally, joint defense agreements are protected by work product privilege, and are therefore not discoverable without showing substantial need. *R.F.M.A.S. Inc. v. So*, 2008 U.S. Dist. LEXIS 14969, at *2 (S.D.N.Y. 2008). Here, the joint defense portions of the Agreement were prepared in anticipation of litigation, and therefore fall within the definition of attorney work product. As AMEC cannot show substantial need to compel production of the agreement, DMJM and H&H need not produce those portions of the Agreement that are not tolling provisions. However, since the tolling agreement portions of the document are not protected by the common interest privilege, they cannot be protected by the work product privilege, so those portions must be produced. *See Tribune Co.*, 1997 WL 540810, at *3  Specifically, DMJM and H&H must produce Paragraph 4(G) on pages 16-17 of the Joint Defense Agreement, and any other portions which constitute tolling provisions.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to compel the joint defense agreement is granted in part and denied in part, as follows: DMJM and H&H must produce Paragraph 4(G) on pages 16-17 of the Agreement, and any other portions which constitute tolling provisions. The rest of the Agreement need not be produced. An appropriate Order accompanies this Memorandum Opinion.

**DATED: July 10, 2008**