| | |
|---|---|
| Starkey, Kelly, Bauer,<br> Kenneally & Cunningham<br>Kevin N. Starkey, Esq. (KS 4872)<br>1593 Route 88 West<br>Brick, New Jersey 08724<br>732-840-5900<br>Attorneys for Plaintiff<br>AMEC Civil, LLC | Moye, O'Brien, O'Rourke, Pickert,<br>  & Martin, LLP<br>Gregory S. Martin, Esq.<br>800 S. Orlando Ave<br>Maitland, Florida 32751<br>407-622-5250<br>Attorneys for Plaintiff<br>AMEC Civil, LLC |

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

AMEC CIVIL, LLC,
  a Delaware limited liability company,

       Plaintiff,

v.

DMJM HARRIS, INC.,
  a New York corporation

       Defendant.
--------------------------------------------------------

DMJM HARRIS, INC.,
  a New York corporation

       Third Party Plaintiff,

v.

HARDESTY & HANOVER, LLP,

       Third Party Defendant.
_____/

CIVIL ACTION No. 06-64

Hon. Freda L. Wolfson, USDJ

Motion Day:  April 20, 2009

**PLAINTIFF AMEC'S MEMORANDUM OF LAW IN RESPONSE TO DMJM'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: SPECIAL DAMAGES FOR ATTORNEY'S FEES, COSTS AND EXPENSES**

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................1

**LEGAL ARGUMENT**........................................................................................1

    I.   **DMJM's Tortious Conduct Caused AMEC to Bring a Suit Against NJDOT, a Third Party; DMJM May Be Charged With Such Third Party Fees, Which Are Not Subject to the "American Rule"** ....................1

    II.  **The Specific Exceptions Set Forth in Rule 4:42-9(a) Only Apply to Cases Subject to the American Rule,** *i.e.***, Not Cases Contemplated by Restatement of Torts § 914(2)**........................................................................4

    III. **Direct Fees Are Severable from Third Party Fees and May be Reasonably Approximated**............................................................................6

    IV. **DMJM Focuses on Irrelevant Cases that Provide Exceptions to the American Rule, Yet Ignores the Pertinent Case Law that Removes this Case From the Scope of the Rule** ............................................................7

    **CONCLUSION**................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) .................................................................................... 2

Cent. Motor Parts Corp. v. E.I. DuPont DeNemours & Company, Inc., 251 N.J.Super. 5, 596 A.2d 759 (App. Div. 1991) ............................................................... 4

DiMisa v. Acquaviva, 400 N.J.Super. 307, 947 A.2d 168 (App. Div. 2008) ..... 3, 10

Estate of Lash, 169 N.J. 20, 776 A.2d 765 (2001) ............................................ 3, 8, 9

Estate of Vayda, 184 N.J. 115, 875 A.2d 925 (2005) ............................................ 8, 9

First Atl. Fed. Credit Union v. Perez, 391 N.J.Super. 419, 918 A.2d 666 (App. Div. 2007) ............................................................................................. 3

Flowers v. Viking Yacht Co., 366 N.J.Super. 49, 840 A.2d 291 (Law Div. 2003) ................................................................................................. 3

Jugan v. Friedman, 275 N.J.Super. 556, 646 A.2d 1112 (App. Div. 1994), certif. denied, 138 N.J. 271, 649 A.2d 1291 (1994) ......................................... 3, 7

Konover Constr. Corp. v. E. Coast Constr. Servs., 420 F. Supp.2d 366 (D.N.J. 2006) ................................................................................................... 10

Lovett v. Estate of Lovett, 250 N.J.Super. 79, 593 A.2d 382 (Ch. Div.1991) ................................................................................................. 3, 5, 6

Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406 (3d Cir. 2003) ................................................................................. 3

Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 771 A.2d 1194 (2002) ............ 8

Saffer v. Willoughby, 143 N.J.256, 670 A.2d 527 (1996) .................................. 7, 8

State Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 468 A.2d 150 (1983)......5

**Other Authorities**

*Pressler, Current New Jersey Court Rules*, comment 2.9 on R. 4:42-9 (2007)........5

*Restatement (Second ) of Torts,* § 914 ....................................................... 2, 3, 5, 6, 8

**Rules**

New Jersey Rule of Court 4:42-9(a) ............................................................... 4, 5, 8

## PRELIMINARY STATEMENT

The American Rule has no application whatsoever to the issue at hand.  That Rule, generally followed in New Jersey, precludes the shifting of legal fees in a *direct action* between a plaintiff and an alleged wrongdoer.  However, the Rule does not encompass legal fees as an element of damages that flow naturally from tortious conduct of a wrongdoer, which causes the plaintiff to incur legal fees in an *action against a third party.*  Though AMEC is seeking "attorney's fees" with regard to its third party action against NJDOT (the "State Action"), those fees are more properly regarded as damages arising from the tortious conduct of DMJM.  DMJM implies that AMEC is seeking a double recovery for fees in both the State Action and this case (the "Federal Action").  However, AMEC is not seeking attorney's fees in the instant litigation; AMEC is only seeking the fees and costs associated with the third party State Action.  As explained in detail below, such fees do not fall within the ambit of the American Rule and DMJM's Motion should be denied.

## LEGAL ARGUMENT

**I.   DMJM's Tortious Conduct Caused AMEC to Bring a Suit Against NJDOT, a Third Party; DMJM May Be Charged With Such Third Party Fees, Which Are Not Subject to the "American Rule"**

The "American Rule", as defined by case law cited by DMJM, states that "In the United States, the prevailing litigant is ordinarily not entitled to collect a

1

reasonable attorneys' fee *from the loser*." <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) (emphasis added). As explained by the plethora of New Jersey case law on the subject set forth below, the American Rule only precludes the recovery of legal fees arising from the typical scenario where a plaintiff *directly sues* a wrongdoer; the Rule does not contemplate legal fees as an *element of damages that flow naturally from tortious conduct* of a wrongdoer which causes the plaintiff to incur legal fees in *actions against third parties*.

Even though New Jersey generally adopts the American Rule that parties should bear their own attorney's fees, certain claims for attorney's fees incurred in suits against third persons, necessitated by a tortfeasor, are simply *not subject to the Rule whatsoever*, as set forth in § 914 of the *Restatement (Second) of Torts*:

> (1) The damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation.
>
> (2) *One who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action*.

(Emphasis added). This concept has been specifically adopted by New Jersey, and exists in parallel with the American Rule, each having a distinct area of application.

2

> *Despite New Jersey's general adherence to the American Rule* that parties should bear their own attorney's fees unless fee shifting is authorized by statute, court rule or contract, *the State's courts have long recognized the principle, reflected in § 914 of the Restatement*, that one whose tortious conduct requires another to bring or defend a suit against a third party to protect his interests may be assessed the attorneys' fees incurred in the third-party action as an element of damages arising from the tort.

DiMisa v. Acquaviva, 400 N.J.Super. 307, 314, 947 A.2d 168 (App. Div. 2008) (emphasis added); Estate of Lash, 169 N.J. 20, 26, 776 A.2d 765 (2001).

> One of the few exceptions to the American rule is that if the commission of a tort proximately causes litigation with parties other than the tortfeasor, the plaintiff is entitled to recover damages measured by the expense of that litigation with third parties.

First Atl. Fed. Credit Union v. Perez, 391 N.J.Super. 419, 430, 918 A.2d 666 (App. Div. 2007) (quoting Jugan v. Friedman, 275 N.J.Super. 556, 573, 646 A.2d 1112 (App. Div. 1994), certif. denied, 138 N.J. 271, 649 A.2d 1291 (1994)).  "[C]ounsel fees may be recoverable as an element of damages when tortious conduct, or a breach of contract, requires the victim to defend or prosecute a case against a third party."  Flowers v. Viking Yacht Co., 366 N.J.Super. 49, 57, 840 A.2d 291 (Law Div. 2003) (citing Lovett v. Estate of Lovett, 250 N.J.Super. 79, 593 A.2d 382 (Ch. Div.1991).  "[S]uch fees are [] recoverable where the third party litigation is the natural and necessary consequence of the defendant's wrongdoing."  Flowers, 366 N.J.Super. at 57-48, 840 A.2d 291; see also Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 415 (3d Cir. 2003) (citations omitted).

Accordingly, it is clear pursuant to the common law of New Jersey that AMEC may recover attorney's fees *as damages* from DMJM, arising from the litigation brought by AMEC against NJDOT in the State Action, which was necessitated by the tortious conduct, i.e., design negligence, of DMJM. The American Rule simply does not apply to this case.

**II.     The Specific Exceptions Set Forth in Rule 4:42-9(a) Only Apply to Cases Subject to the American Rule, *i.e.*, Not Cases Contemplated by Restatement of Torts § 914(2)**

New Jersey Rule of Court 4:42-9(a) provides that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except…[listing exceptions]." DMJM misguidedly argues that none of the listed exceptions apply. However, the type of case contemplated by the Restatement, and the exact scenario at question in this case, does not fall within the general bar of Rule 4:42-9(a), and therefore no exceptions need apply in order for AMEC to recover its third party action attorney fees.

> *R. 4:42-9(a) does not bar indemnification for legal defense costs. It is not that one of the rule's exceptions apply…The rule does not bar a claim for fees occasioned by the wrongful act of another. It does not purport to deal with substantive damage rights at all. Where one is obliged by another's tort to bring or defend an action, the fees are damages resulting from the tort and are recoverable as such.*

<u>Cent. Motor Parts Corp. v. E.I. DuPont DeNemours & Company, Inc.</u>, 251 N.J.Super. 5, 596 A.2d 759 (App. Div. 1991) (emphasis added). <u>See also</u> *Pressler,*

4

*Current New Jersey Court Rules*, comment 2.9 on R. 4:42-9 (2007) (Rule 4:42-9 does not preclude an award of attorney's fees as a traditional element of damages).

While some courts have interpreted the *Restatement* § 914 to fall outside of the scope of Rule 4:42-9(a), as in the immediately preceding authority, other courts have looked at the *Restatement* as an additional exception. In addition to those exceptions set forth in R. 4:42-9 is a "further exception…where counsel fees are awarded to one who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person." State Dept. of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 505-506, 468 A.2d 150 (1983). Regardless, the result is the same; AMEC is entitled to recover its attorney's fees for the third party action.

> Attorneys fees are generally not recoverable unless authorized by statute or pursuant to one of the exceptions recognized by our Court Rules. *See* R. 4:42-9. On the other hand, they may constitute an element of "damages" in certain circumstances. For example, if someone's wrongdoing is the cause of litigation between the victim and third parties and that litigation was foreseeable at the time of the wrongdoing, the reasonable litigation expenses resulting therefrom are recoverable.

Lovett v. Estate of Lovett, 250 N.J.Super. 79, 94, 593 A.2d 382 (Ch. Div. 1991). As such, DMJM's Motion for Partial Summary Judgment is without merit, has no basis in the law, and should be denied.

### III. Direct Fees Are Severable from Third Party Fees and May be Reasonably Approximated

DMJM falsely accuses AMEC of attempting to secure a double recovery of fees and complains that it was not joined in the State Action. See DMJM Memo, pp. 6, 15. First and foremost, AMEC is not seeking attorney's fees in this Federal Action. As for the third party State Action, the quantum of fees that AMEC may be able to recover is somewhat outside the scope of this Motion, which goes to the issue of the legal validity of AMEC's claim for fees resulting from the third party action, *i.e.*, special damages. Therefore, it is presently sufficient to state that AMEC is entitled to sever the direct fees from the indirect fees, and may seek them regardless of whether one or two trials occur.

> A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney fees and other expenditures thereby suffered or incurred. *While the expenses of litigation and attorneys fees are not [necessarily] recoverable either as costs or damages if incurred in connection with the [direct] litigation against the wrongdoer, they may be recovered as damages if incurred in collateral litigation*[.]

Lovett v. Estate of Lovett, 250 N.J.Super. 79, 95, 593 A.2d 382 (Ch. Div. 1991) (citing *Restatement 2d Torts* § 914; other citations omitted). "*Even in the situation where the direct claims and 3rd party claims are rolled into one action, the fees are "severable" and "the fees incurred in the third-party aspects of the case are recoverable as damages*." Id. at 94.

6

Such severed fees may be approximated when it is impossible to determine the exact amount that should be allocated for the direct claims versus the third party claims.

> Under our current rules of procedure, a plaintiff may litigate in the same suit with both the tortfeasor and the third parties with whom the tortfeasor has caused him to become embroiled because of the tort…[A]lthough [the plaintiff] may not recover his litigation expenses for litigating with [the tortfeasor defendant]…he is entitled to reimbursement for reasonable attorneys' fees expended in litigating with third par-ties, including the other defendants...*Obviously, the total attorneys' fee incurred cannot be allocated with any exactitude and a reasonable approximation will suffice*.

Jugan v. Friedman, 275 N.J.Super. 556, 573-574, 646 A.2d 1112 (App. Div. 1994). Thus, the fact that the State and Federal action are separate allows the resultant fees in each action to be severed very discretely, and any approximation is likely unnecessary. At this time, it is sufficient that AMEC has demonstrated that its claim for 3rd party fees is viable, and accordingly, DMJM's Motion should be denied.

**IV.    DMJM Focuses on Irrelevant Cases that Provide Exceptions to the American Rule, Yet Ignores the Pertinent Case Law that Removes this Case From the Scope of the Rule**

DMJM focuses on case law that does not apply to third-party actions, and is thus inapplicable to the instant matter. DMJM focuses on four main cases (listed in the order they were decided): See generally, Saffer v. Willoughby, 143 N.J.256, 670 A.2d 527 (1996); Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 771

7

A.2d 1194 (2002); Estate of Lash, 169 N.J. 20, 26, 776 A.2d 765 (2001); Estate of Vayda, 184 N.J. 115, 875 A.2d 925 (2005).  As set forth in detail below, these cases are either inapplicable to the specific issue here, or actually support AMEC's position.  DMJM ignores the exemption set forth in the *Restatement of Torts* § 914, as adopted by New Jersey, and claims that the only exceptions to the American Rule are "those contemplated by Rule 4:42-9(a) or in 'instances involving claims against attorneys (for malpractice, misconduct, or malfeasance by way of a breach of fiduciary duty), or when an executor or trustee has committed the pernicious tort of undue influence'."  See DMJM Memo, p. 11.  However, those four exceptions only apply when the American Rule is triggered, *i.e.*, in direct actions, not third party actions.

For example, in Saffer, the Court held that despite the American Rule, an attorney may be liable for attorneys' fees incurred by the aggrieved client in the action against the attorney to establish the attorney's liability for malpractice.  See 143 N.J.256, 670 A.2d 527.  Similarly, in Packard-Bamberger, the Court extended the Saffer ruling to apply to direct actions against attorney's who intentionally breach a fiduciary duty to a client (regardless of whether it constitutes malpractice).  See 167 N.J. 427, 771 A.2d 1194.

The next case, Lash, as admitted by DMJM in its Memo (p. 12) and clear from the plain language of the case, actually supports AMEC's position.  See

8

Estate of Lash, 169 N.J. 20, 26, 776 A.2d 765 (2001) ("One who through the tort of another has been required to act in the protection of his interests by bringing…an action against a third person is entitled to recover reasonable compensation for attorney fees"). The Lash Court recognized the distinction between the case law applicable to *exceptions* to the American Rule (direct actions) and the cases to which the Rule *did not apply* (3rd party actions).

> *Packard-Bamberger* makes clear that the fact that a person owes another a fiduciary duty, in and of itself, does not justify an award of fees unless the wrongful conduct arose out of an attorney-client relationship. Our holding in this appeal, however, involves an award, to the estate, of attorneys' fees incurred in litigation on the bond that were consequential damages of Lopez's misconduct. That award is distinct from *Saffer* because the fees are damages incurred in litigation other than to establish Lopez's liability. *Thus, our decision here is not an application, much less an expansion, of Saffer and Packard-Bamberger.*

Id. at 34, 776 A.2d 765 (emphasis added).

Contrary to DMJM's assertion, the Vayda court did not "specifically limit" the reach of Lash. See DMJM Memo, p. 12; see Vayda, 184 N.J. at 122, 875 A.2d 925. Rather, the Vayda court was quoting language from Lash (see block quote above) that was applicable only to the Packard-Bamberger decision. Lash, 169 N.J. at 34, 776 A.2d 765. The Lash Court was very clear that the quoted language from Packard-Bamberger was *not applicable to third party actions*. Id.

9

Admittedly, the Vayda Court could have made this distinction more clear, but later decisions have emphasized that the distinction is there, *i.e.*, that an attorney-client relationship is *not* required to claim legal fees in third-party actions.

> We note that, in Vayda [citation], the Court declined to allow attorney fee shifting "whenever a non-attorney executor is removed because of, among other things, breach of a fiduciary duty and bad faith against co-beneficiaries." *However, that case did not involve a third-party action and thus the decision is inapplicable here*.

DiMisa, 400 N.J.Super. at 316, n. 4, 947 A.2d at 173 (emphasis added) (stating applicable rule, *i.e.*, one whose tortious conduct requires another to bring or defend a suit against a third party to protect his interests may be assessed the attorneys' fees incurred in the third-party action as an element of damages arising from the tort).

Finally, the federal case, Konover, that DMJM claims is "similar" to the instant case is, again, not applicable whatsoever because: (1) it is not a third party action; and (2) there was no tortious conduct in the case.  See Konover Constr. Corp. v. E. Coast Constr. Servs., 420 F. Supp.2d 366, 369-370 (D.N.J. 2006) (Counter-Plaintiff ECC suing Counter-Defendant Konover directly for attorney's fees in absence of contractual provision allowing them; no evidence of tortious conduct, *i.e.*, misrepresentations).  Because DMJM's case law is simply inapplicable to the facts of this matter, DMJM's Motion should be denied.

## **CONCLUSION**

Based on the foregoing, Plaintiff, AMEC Civil, LLC, respectfully requests this Court to issue an Order denying DMJM's Motion for Partial Summary Judgment

Respectfully submitted, this 13th day of April, 2009.

                              **STARKEY, KELLY, BAUER,
                               KENNEALLY & CUNNINGHAM**
                              Attorneys for Plaintiff
                              AMEC Civil, LLC

By:   _____
       Kevin N. Starkey, Esq. (KS 4872)

       Gregory S. Martin, Esq.
       Brian P. Heald, Esq.
       **MOYE, O'BRIEN, O'ROURKE,
        PICKERT & MARTIN, LLP**
       800 S. Orlando Avenue
       Maitland, Florida 32751